UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

           - against -                    5:99-CR-650 (NAM)

LEE RASANEN,

                Defendant.
_____

APPEARANCES:                      OF COUNSEL:

LEE RASANEN
*Defendant/Petitioner, Pro Se*
Reg. No. 57981-053
United States Penitentiary
P.O. Box 1000
Lewisburg, PA  17837

GLENN T. SUDDABY             Andrew T. Baxter, Asst. U.S. Attorney
UNITED STATES ATTORNEY
Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, New York  13261-7198

NORMAN A. MORDUE, DISTRICT JUDGE

## MEMORANDUM-DECISION AND ORDER

      Defendant has filed a motion for reconsideration of this Court's earlier denial without prejudice of a motion under Fed.R.Civ.P. 60(b) seeking an order vacating, setting aside or correcting a sentence of imprisonment in the wake of the decision by the United States Supreme Court in *Blakely v. Washington,* 542 U.S. 296 (2004).  There, the Supreme Court affirmed the rule it first announced in *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000), which was "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  In

*Blakely,* the petitioner was sentenced to more than three years above the 53-month statutory maximum of the standard range because he had acted with "deliberate cruelty." *Blakely,* 124 S. Ct. at 2537.  However, the facts supporting that finding were neither admitted by petitioner nor found by a jury.  Thus, the Supreme Court ruled that the state's sentencing procedure did not comply with the Sixth Amendment and invalidated the petitioner's sentence.

In reviewing defendant's previous motion, this Court construed the application for relief from a judgment of conviction in a criminal case which he filed under the Federal Rules of Civil Procedure as one for habeas corpus relief under 28 U.S.C. § 2255.  In a Memorandum-Decision and Order, filed November 1, 2004, this Court denied the application filed by defendant without prejudice based on *United States v. Mincey,* 380 F.3d 102, 103 (2d Cir. 2004), in which the Second Circuit concluded that unless and until the Supreme Court determined that *Blakely* affects directly the Federal Sentencing Guidelines, courts in this Circuit should continue to apply the Guidelines as written and interpreted by the Second Circuit.  This Court also relied on *Garcia v. United States*, 2004 WL 1752588 (N.D.N.Y. Aug. 4, 2004), which held that even if *Blakely* were held ultimately to affect the Federal Sentencing Guidelines, it should not do so retroactively in cases on collateral review.

Now defendant has requested reconsideration of this Court's previous denial of his motion for relief from sentence.  In *Blakely,* the Supreme Court found a state court sentence enhancement based on judicial determinations not made by a jury unconstitutional. 542 U.S. at 311. Subsequently, in *United States v. Booker/Fanfan*, --- U.S. ----, 125 S.Ct. 738, 755 (2005) the Court determined that "[a]ny fact ... which is necessary to support a sentence exceeding the maximum authorized by facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  The Court held that the Federal Sentencing Guidelines violated the Sixth Amendment to the extent they required a court to

impose such enhancements. *Booker*, 125 S.Ct. at 756.  However, the Court acknowledged that preventing a judge from "relying on a presentence report for factual information" would "undermine the sentencing statute's basic aim of ensuring similar sentences for those who have committed similar crimes in similar ways." *Id.* at 760-62.  Thus, the Court invalidated only those provisions of the Guidelines "that have the effect of making the Guidelines mandatory." Id. at 746. Accordingly, *Booker* rendered the Guidelines advisory, permitting courts to consider the guidelines and find facts as long as the sentence imposed does not exceed the statutory maximum. *Id.* at 764 (holding that absent provisions making the Guidelines mandatory, "the Act satisfies the Court's constitutional requirement and falls outside the rule of *Apprendi*" ).

> The Second Circuit has summarized current law concerning this issue as follows:
>
>> [A]t this point, we can identify several essential aspects of *Booker/Fanfan* that concern the selection of sentences. First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in section 3553(a). Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range, or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether (i) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence. Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

*United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005).  In the present case, defendant objects to the Court's enhancement of his sentence based on "special offense characteristics," to wit, that defendant robbed a "financial institution," that he displayed a firearm, and that he stole an amount of money in excess of $10,000.00.  See U.S.S.G. 2B3.1.  All three of these factors were alleged in the indictment and admitted by defendant in paragraph 5 of the plea agreement.  Based thereupon, defendant's sentence does not run afoul of *Blakely, Booker* or *Crosby,* but instead fully conforms

with those decisions.

In any event, *Blakely* and its progeny do not apply to defendant's claims herein because the holdings of these cases are not retroactive. As the Second Circuit explained, "a new rule of constitutional law does not apply retroactively to cases on collateral review unless the rule is substantive or a 'watershed' rule of procedure that affects the fundamental fairness and accuracy of the criminal proceeding." *Guzman v. United States*, 404 F.3d 139, 140 (2d Cir. 2005) (citing *Schriro v. Summerlin*, 348 U.S. 348, ---, 124 S.Ct. 2519, 2522-23 (2004); *Teague v. Lane*, 489 U.S. 288 (1989)) (internal quotation marks omitted). Indeed, it is because *Booker* does not establish a substantive or "watershed" rule, that it is not retroactive. Guzman, 404 F.3d at 141-43; *see Humphress v. United States*, 398 F.3d 855, 862 (6th Cir. 2005) (holding that *Booker* is not retroactive under the "substantive" or "watershed" rule exceptions of *Teague* ); *Hamdani v. United States*, No. Civ. 04-3332(DGT), 2005 WL 419727 at *2 (E.D.N.Y. Feb. 22, 2005) ("Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005." (internal quotation marks omitted)); *see also United States v. Morgan*, 406 F.3d 135 (2d Cir. 2005) (holding that "the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements"). Accordingly, petitioner's sentence does not violate *Blakely* or *Booker*.

## Conclusion

For the reasons set forth above, defendant's motion for reconsideration of this Court's

-5-

previous denial of his motion for relief from sentence under Fed. R. Civ. P. 60 is DENIED.

Based thereupon and for the reasons stated herein, defendant's application for a "Writ of Audita Querela," is also DENIED.

IT IS SO ORDERED.

Dated: January ___, 2006
       Syracuse, New York

Norman A. Mordue
U.S. District Judge